## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| Wayne Weiler, Wayne Demartra, Jimmy Fielder, Charles Shultz, and Laresha Simpson, | : : : | Civil Action No.: 2:15-cv-12791 |
| Plaintiffs, | : : | |
| v. | : : | **DEMAND FOR JURY TRIAL** |
| Stellar Recovery, Inc., | : : | |
| Defendant. | : : : | |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiffs Wayne Weiler, Wayne Demartra, Jimmy Fielder, Charles Shultz and Laresha Simpson, by undersigned counsel, state as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      Plaintiff, Wayne Weiler ("Weiler"), is an adult individual residing in Stevens Point, Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      Plaintiff, Wayne Demartra ("Demartra"), is an adult individual residing in Chicago, Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5.      Plaintiff, Jimmy Fielder ("Fielder"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Plaintiff, Charles Schultz ("Schultz"), is an adult individual residing in Houston, Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

7.      Plaintiff, Laresha Simpson ("Simpson"), is an adult individual residing in Winston Salem, North Carolina, and is a "person" as defined by 47 U.S.C. § 153(39).

8.      Defendant, Stellar Recovery, Inc. ("Stellar"), is a Michigan business entity with an address of 30600 Telegraph Road,  Suite 2345, Bingham Farms, Michigan 48025-5720, operating as a collection agency, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO WAYNE WEILER

9.      Weiler allegedly incurred a financial obligation ("Weiler's Debt") to a creditor.

10.     Weiler's Debt arose from services provided by the creditor which were primarily for family, personal, or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     Weiler's Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the creditor to collect Weiler's Debt.

12.     Stellar attempted to collect Weiler's Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

13.     In March 2015, Stellar contacted Weiler in an attempt to collect Weiler's Debt.

14.     During a conversation on or about March 2, 2015, Stellar's collector, "Saundra," called Weiler ma'am.

15.     Weiler informed Saundra that he was a man.

2

16.     Nevertheless, Saundra continued to call Weiler ma'am for the remainder of the conversation.

## ALLEGATIONS APPLICABLE TO WAYNE DEMARTRA

17.     A person other than Demartra allegedly incurred a financial obligation ("Demartra's Alleged Debt") to a creditor.

18.     Demartra's Alleged Debt arose from services provided by the creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt under 15 U.S.C. § 1692a(5).

19.     Demartra's Alleged Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect Demartra's Alleged Debt

20.     Stellar attempted to collect the Demartra's Alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

21.     In or around August 2014, Stellar contacted Demartra to collect Demartra's Alleged Debt.

22.     Demartra explained to Stellar that he was not the Debtor and that Stellar was calling the wrong telephone number.

23.     Nevertheless, Stellar continued to call Demartra.

## ALLEGATIONS APPLICABLE TO JIMMY FIELDER

24.     Fielder allegedly incurred a financial obligation ("Fielder's Debt") to a creditor.

25.     Fielder's Debt arose from services provided by the creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

26.     Fielder's Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the creditor to collect Fielder's Debt.

3

27.    Stellar attempted to collect Fielder's Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

28.    Within the last year, Stellar contacted Fielder in an attempt to collect Fielder's Debt.

29.    Stellar called Fielder at an excessive and harassing rate, placing up to five (5) calls per day to Fielder.

30.    In addition, on several occasions Stellar called Fielder before 8:00 AM.

31.    Fielder informed Stellar that although he had a Georgia area code, he resided in Nevada.

32.    Nevertheless, Stellar continued to call Fielder before 8:00 AM.

## ALLEGATIONS APPLICABLE TO CHARLES SCHULTZ

33.    A person other than Schultz allegedly incurred a financial obligation ("Schultz's Alleged Debt") to a creditor.

34.    Schultz's Alleged Debt arose from services provided by the creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

35.     Schultz's Alleged Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the creditor to collect Schultz's Alleged Debt.

36.    Stellar attempted to collect Schultz's Alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

37.    In or around January 2014, Stellar began calling Schultz's cellular telephone number 832-xxx-1302, from telephone number 877-236-5791.

38.    When Schultz answered calls from Stellar, he heard silence followed by an automated click before the call disconnected.

4

39.     The foregoing is indicative of a predictive dialer, an automatic telephone dialing system ("ATDS") under the TCPA.

40.     Schultz does not know how Stellar acquired his cellular telephone number. Schultz did not provide it to Stellar or the creditor.

41.     Schultz called Stellar back and advised Stellar that it was calling the wrong number.

42.     Stellar assured Schultz that the calls would stop.

43.     Nevertheless, Stellar continued to place automated calls to Schultz.

### ALLEGATIONS APPLICABLE TO LARESHA SIMPSON

44.     In February 2015, Stellar began calling Simpson in an attempt to collect a debt allegedly owed by Simpson.

45.     The calls were placed to Simpson's cellular telephone number 336-xxx-9007, from telephone numbers 336-698-4408 and 877-936-1174.

46.     At all times mentioned herein, Stellar called Simpson using an ATDS and/or using an artificial or prerecorded voice.

47.     When Simpson answered Stellar's calls, she heard a prerecorded message advising her that the call was an attempt to collect a debt.

48.     Simpson does not know how Stellar acquired her cellular telephone number. Simpson did not provide it to Stellar or the creditor.

49.     Simpson did not provide prior express consent to Stellar to place calls to her cellular telephone number.

50.     In addition, Simpson told Stellar to stop calling her cellular telephone on multiple occasions.

51.     Nevertheless, Stellar continued to place automated calls to Simpson's cellular telephone.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***
**AS TO WAYNE WEILER**

52.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

53.     Stellar's conduct violated 15 U.S.C. § 1692d in that Stellar engaged in behavior the natural consequence of which was to harass, oppress, or abuse Weiler in connection with collection of the Debt.

54.     Stellar's conduct violated 15 U.S.C. § 1692f in that Stellar used unfair and unconscionable means to collect the Debt.

55.     The foregoing acts and omissions of Stellar constitute numerous and multiple violations of the FDCPA.

56.     Weiler is entitled to damages as a result of Stellar's violations.

**COUNT II**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***
**AS TO WAYNE DEMARTRA**

57.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

58.     Stellar's conduct violated 15 U.S.C. § 1692d in that Stellar engaged in behavior the natural consequence of which was to harass, oppress, or abuse Demartra in connection with collection of the Debt.

59.     Stellar's conduct violated 15 U.S.C. § 1692d(5) in that Stellar caused a phone to ring repeatedly and engaged Demartra in telephone conversations with the intent to annoy and harass Plaintiff.

60.     Stellar's conduct violated 15 U.S.C. § 1692f in that Stellar used unfair and unconscionable means to collect the Debt.

61.     The foregoing acts and omissions of Stellar constitute numerous and multiple violations of the FDCPA.

62.     Demartra entitled to damages as a result of Stellar's violations.

**COUNT III**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***
**AS TO JIMMY FIELDER**

63.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

64.     Stellar's conduct violated 15 U.S.C. § 1692c(a)(1) in that Stellar called Fielder before 8:00 AM.

65.     Stellar's conduct violated 15 U.S.C. § 1692d in that Stellar engaged in behavior the natural consequence of which was to harass, oppress, or abuse Fielder in connection with collection of the Debt.

66.     Stellar's conduct violated 15 U.S.C. § 1692d(5) in that Stellar caused a phone to ring repeatedly and engaged Fielder in telephone conversations with the intent to annoy and harass Plaintiff.

67.     Stellar's conduct violated 15 U.S.C. § 1692f in that Stellar used unfair and unconscionable means to collect the Debt.

68.     The foregoing acts and omissions of Stellar constitute numerous and multiple violations of the FDCPA.

69.     Fielder is entitled to damages as a result of Stellar's violations.

## COUNT IV
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*
## AS TO CHARLES SCHULTZ

70.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

71.     Stellar's conduct violated 15 U.S.C. § 1692d in that Stellar engaged in behavior the natural consequence of which was to harass, oppress, or abuse Schultz in connection with collection of the Debt.

72.     Stellar's conduct violated 15 U.S.C. § 1692d(5) in that Stellar caused a phone to ring repeatedly and engaged Schultz in telephone conversations with the intent to annoy and harass Plaintiff.

73.     Stellar's conduct violated 15 U.S.C. § 1692f in that Stellar used unfair and unconscionable means to collect the Debt.

74.     The foregoing acts and omissions of Stellar constitute numerous and multiple violations of the FDCPA.

75.     Schultz entitled to damages as a result of Stellar's violations.

## COUNT V
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*
## AS TO CHARLES SCHULTZ

76.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

77.     At all times mentioned herein Stellar called Schultz on his cellular telephone using an ATDS.

78.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

8

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

79.     Stellar's telephone system(s) have all the earmarks of a predictive dialer.

80.     When Schultz answered calls from Stellar, Stellar's telephone system did not connect the call to a live representative.

81.     Stellar's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

82.     Schultz never provided his cellular telephone number to Stellar and never provided his consent to be contacted on his cellular telephone.

83.     Schultz never provided his cellular telephone number to the creditor and never gave consent to the creditor to contact him on his cellular telephone.

84.     The calls from Stellar to Schultz were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

85.     As a result of each of Stellar's negligent violations of the TCPA, Schultz is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

86.     As a result of each of Stellar's knowing and/or willful violations of the TCPA,

Schultz is entitled to an award of treble damages in an amount up to $1,500.00 for each and

every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT VI**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.***
**AS TO LARESHA SIMPSON**

87.     Plaintiffs repeat and reallege the above paragraphs of this Complaint and

incorporate them herein by reference.

88.     At all times mentioned herein Stellar called Simpson on her cellular telephone

using an ATDS.

89.     In expanding on the prohibitions of the TCPA, the Federal Communications

Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*,

18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been

abandoned." *Id*.

90.     Stellar's telephone system(s) have all the earmarks of a predictive dialer.

91.     When Simpson answered calls from Stellar, she heard a prerecorded message.

92.     Stellar's predictive dialers have the capacity to store or produce telephone

numbers to be called, using a random or sequential number generator.

10

93.     Simpson never provided her cellular telephone number to Stellar and never provided her consent to be contacted on her cellular telephone.

94.     Simpson never provided her cellular telephone number to the creditor and never gave consent to the creditor to contact her on her cellular telephone.

95.     The calls from Stellar to Simpson were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

96.     As a result of each of Stellar's negligent violations of the TCPA, Simpson is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

97.     As a result of each of Stellar's knowing and/or willful violations of the TCPA, Simpson is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1.  Actual damages to Weiler, Demartra, Fielder and Schultz pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 to Weiler, Demartra, Fielder and Schultz pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Statutory damages to Schultz and Simpson pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 7, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiffs
LEMBERG LAW, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com